IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN WALKER,

    Plaintiff/Counter-Defendant,

v.

RYAN TRANSPORTATION, INC.,
a Michigan corporation,

    Defendant/Counter-Plaintiff.

Case No. 20-cv-11688

Paul D. Borman
United States District Judge

## OPINION AND ORDER APPROVING JOINT MOTION TO APPROVE FLSA SETTLEMENT (ECF NO. 18)

Plaintiff/Counter-Defendant Steven Walker ("Plaintiff") filed his Complaint in this action on June 24, 2020, and filed an Amended Complaint on June 25, 2020, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("the FLSA") and Michigan's Worker's Compensation Act, against Defendant/Counter-Plaintiff Ryan Transportation, Inc. ("Defendant"). On August 14, 2020, Defendant filed its answer and a counterclaim against Plaintiff. Now before the Court is the parties' Joint Motion to Approve FLSA Settlement. (ECF No. 18.). The Court has determined that oral argument is not necessary for proper resolution of this motion and will resolve the matter on the parties' written submission. E.D. Mich. L. R. 7.1(f)(2).

The Court finds that the proposed settlement agreement, a copy of which is attached to the Joint Motion, accomplishes a fair and reasonable settlement of Plaintiff's bona fide FLSA dispute and GRANTS the Joint Motion to Approve FLSA settlement.

## I. LEGAL STANDARD

"The FLSA was enacted for the purpose of protecting workers from substandard wages and oppressive working hours." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). "Recognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Id.* Therefore, "an employee may not waive or otherwise settle a FLSA claim for unpaid wages for less than the full statutory damages unless the settlement is supervised by the Secretary of Labor or made pursuant to a judicially supervised stipulated settlement." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

Settlements of FLSA claims that are reached in the context of litigation, where "[t]he employees are likely to be represented by an attorney who can protect their rights under the statute," are proper subjects for judicial review and possible approval because they are "more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an

employer's overreaching." *Lynn's*, 679 F.2d at 1354. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute ... the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* (alterations added).

"In reviewing a settlement of an FLSA private claim, a court must scrutinize the proposed settlement for fairness, and determine whether the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Williams v. K&K Assisted Living LLC*, No. 15-cv-11565, 2016 WL 319596, at *1 (E.D. Mich. Jan. 27, 2016) (internal quotation marks and citations omitted). In determining whether a proposed settlement is fair and reasonable, the court may consider several factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; (5) and the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (internal quotation marks and citations omitted). *See also Farkas v. Boschert*, No. 17-cv-12536, 2018 WL 3100905 (E.D. Mich. June 25, 2018) (citing *Wolinsky* and analyzing these same factors to conclude that proposed FLSA settlement agreement was fair and reasonable). "A district court may

3

choose to consider only factors that are relevant to the settlement at hand." *Snook v. Valley OB-Gyn Clinic, P.C.*, No. 14-cv-12302, 2015 WL 144400, at *1 (E.D. Mich. Jan. 12, 2015).

## II.   ANALYSIS

Plaintiff alleges in his Amended Complaint that he was employed by Defendant as a dispatcher until his discharge from employment on or about October 28, 2019. (ECF No. 2, Amended Compl., ¶ 7.) Plaintiff claims that he regularly worked more than forty hours per week, but that Defendant failed, refused and neglected to pay him overtime as required by the FLSA. (*Id.* ¶¶ 19-23.) Plaintiff also alleges that his claim for worker's compensation benefits, following an October 21, 2019 slip and fall incident at work, was a motivating factor in Defendant's decision to discharge him. (*Id.* ¶ 18.) Defendant disputes these claims and filed a counterclaim against Plaintiff, asserting claims for fraudulent misrepresentation and unjust enrichment. (ECF No. 5, Defendant's Answer and Counterclaim.)

The parties have entered into a settlement agreement resolving all of the parties' claims and counterclaims, including Plaintiff's claims under the FLSA. The FLSA requires this Court to "scrutinize the proposed settlement [of the FLSA claim] for fairness, and determine whether the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Williams*, 2016 WL 319596, at *1. Here, the parties represent that they reached this settlement through extensive

negotiations between the parties' respective counsel and with the assistance of Magistrate Judge David R. Grand. (Joint Mot. ¶ 3, PageID.103.) This settlement was thus the product of an arm's-length transaction and is a reasonable compromise of the disputed issues. The parties represent that Plaintiff claims damages for the FLSA portion of his claim of approximately $19,000.00, and the $45,000.00 settlement thus exceeds the total amount of overtime claimed by Plaintiff. (Joint Mot. PageID.105.) In addition, the settlement includes a dismissal with prejudice of all counterclaims against Plaintiff. (*Id.*)

The Court finds that there was a bona fide dispute in this case over whether Plaintiff was paid the overtime compensation that he seeks. The parties explored, through the assistance of their experienced counsel and with the assistance and oversight of Magistrate Judge Grand, the claims and counterclaims at issue and arrived at a settlement amount deemed fair by all. The Court finds that the settlement was a fair and reasonable compromise of Plaintiff's bona fide disputed claims that the parties recognize would otherwise require extensive litigation and significant costs. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute ... the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's*, 679 F.2d at 1354.

## III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Joint Motion to Approve FLSA Settlement (ECF No. 18), and **APPROVES** the proposed Settlement Agreement at ECF No. 18, PageID.109-17.

IT IS SO ORDERED.

Dated: June 15, 2021

                                              s/Paul D. Borman
                                              Paul D. Borman
                                              United States District Judge